**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
(201) 489-1536 Facsimile
msirota@coleschotz.com
wusatine@coleschotz.com

*Attorneys for Defendants and Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No.047911992)
Richard D. Anigian, Esq. (admitted *pro hac vice*)
Charles M. Jones II, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
rick.anigian@haynesboone.com
charlie.jones@haynesboone.com

*Attorneys for Defendants and Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br><br>　　　　　　　　　　Debtors.[1]  | CASE NO. 22-19361 (MBK)<br><br>(Jointly Administered)<br><br>Chapter 11 |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>BLOCKFI, INC. *et al.*, and UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Defendants. | ADV. PRO. NO. 23-01144 (MBK) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

1

**BLOCKFI'S ANSWER TO AMENDED VERIFIED ADVERSARY COMPLAINT**

TO THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

Defendants BlockFi Inc. and its related debtors and debtors-in-possession in the above-referenced chapter 11 cases (collectively, "BlockFi") file their Answer to the official committee of unsecured creditors' (the "Committee") Amended Verified Adversary Complaint [Doc. No. 24] (the "Amended Complaint"), and respectfully show the Court as follows:

### NATURE OF THE CASE

1. Paragraph 1 of the Amended Complaint contains a portion of the Committee's description of the nature of the case to which no response is required.

2. Paragraph 2 of the Amended Complaint contains a portion of the Committee's description of the nature of the case to which no response is required.

3. Paragraph 3 of the Amended Complaint contains a portion of the Committee's description of the nature of the case for which no response is required.

4. Paragraph 4 of the Amended Complaint contains a portion of the Committee's description of the nature of the case for which no response is required.

5. Paragraph 5 of the Amended Complaint contains a portion of the Committee's description of the nature of the case and relief requested for which no response is required.

6. Paragraph 6 of the Amended Complaint contains a portion of the Committee's description of the nature of the case and relief requested for which no response is required.

### JURISDICTION AND VENUE

7. Paragraph 7 of the Amended Complaint is a legal statement for which no response is required.

8. Paragraph 8 of the Amended Complaint is a legal statement for which no response is required.

## PROCEDURAL BACKGROUND

9. BlockFi admits the allegations in Paragraph 9 of the Amended Complaint.

10. BlockFi admits the allegations in Paragraph 10 of the Amended Complaint.

## PARTIES

11. BlockFi admits the Committee filed the Amended Complaint.

12. BlockFi admits the Committee has asserted claims against the Debtors in its Amended Complaint.

13. BlockFi admits the Committee has asserted claims against the United States of America in its Amended Complaint.

## FACTUAL ALLEGATIONS

**I.    The Debtors' Operations.**

14. BlockFi admits it is a cryptocurrency financial services company and offered various products. With respect to subparts a through c of paragraph 14 of the Amended Complaint, BlockFi responds as follows:

    a. BlockFi admits the allegations in Paragraph 14.a.

    b. BlockFi admits that the BIA was a crypto repository account by which BlockFi clients received interest in exchange for an agreement to transfer title to deposited cryptocurrency to BlockFi. BlockFi denies the remaining allegations in Paragraph 14.b.

    c. BlockFi admits the allegations in Paragraph 14.c.

15. BlockFi admits that assets held in Wallet accounts remained property of depositor clients. BlockFi admits that the applicable Terms of Service governing Wallet accounts speak for

themselves and therefore no further response is required for the allegations in the second and third sentences of Paragraph 15 of the Amended Complaint.

16.     BlockFi admits that the applicable Terms of Service governing BIAs speak for themselves and therefore no further response is required for the allegations in Paragraph 16 of the Amended Complaint.

17.     BlockFi admits that it filed a First Day Declaration, and the statements therein speak for themselves. BlockFi admits that its separate Terms of Use governing BIAs and Collateral Accounts speak for themselves and that no further response is required for the allegations in paragraph 17 of the Amended Complaint.

18.     BlockFi admits that it filed a First Day Declaration, the statements therein speak for themselves, and therefore no further response is required for the allegations in Paragraph 18 of the Amended Complaint.

19.     BlockFi admits that it announced a Platform Pause on November 10, 2022. BlockFi further admits that it filed a First Day Declaration, the statements therein speak for themselves, and therefore no further response is required for the remaining allegations in Paragraph 19 of the Amended Complaint.

**II.    The Seizure Warrants.**

20.     Paragraph 20 of the Amended Complaint contains statements regarding filings in the Washington District Court case for which no response is required.

21.     BlockFi admits it received copies of the Seizure Warrants on November 16, 2022, and that it did not surrender any digital assets in response to the Seizure Warrants before its chapter 11 filings on November 28, 2022. BlockFi denies the remaining allegations in Paragraph 21 of the Amended Complaint.

22. BlockFi admits that the Seizure Warrants and its Schedules (as may be amended or supplemented from time to time) speak for themselves and that no further response is required to the allegations in the first two sentences of paragraph 22 of the Amended Complaint. BlockFi admits that the Subject Accounts as defined and identified in the Government Letter (attached as Exhibit B to the Amended Complaint) have at all times been denominated in digital assets.

23. BlockFi lacks sufficient knowledge or information to form a belief as to location, at the time the Seizure Warrants were served on BlockFi, of the specific digital assets transferred to it by the Criminal Defendants. The final sentence of paragraph 23 of the Amended Complaint contains legal arguments for which no response is required.

### III.   The Bankruptcy Case.

24. BlockFi admits the allegations in Paragraph 24 of the Amended Complaint.

25. BlockFi admits the allegations in Paragraph 25 of the Amended Complaint.

26. Due to the vagueness of the allegations in Paragraph 26 of the Amended Complaint, BlockFi is without sufficient knowledge or information to either admit or deny such allegations and therefore denies same.

27. BlockFi denies the allegations in the first sentence of paragraph 27 of the Amended Complaint but admits that Exhibit B speaks for itself and that, therefore, no further response is required to the first two sentences of paragraph 27 of the Amended Complaint. BlockFi is without sufficient information or knowledge to either admit or deny the remaining allegations in Paragraph 27 of the Amended Complaint and therefore denies same.

28. BlockFi admits that it negotiated a proposed stipulation with the Government as referenced in the first sentence of paragraph 28 but is without sufficient information or knowledge

to either admit or deny the allegations regarding the Committee's understanding in Paragraph 28 of the Amended Complaint and therefore denies same.

29. Paragraph 29 of the Amended Complaint contains legal arguments and statements for which no response is required.

30. Paragraph 30 of the Amended Complaint contains statements regarding filings in this case for which no response is required.

31. Paragraph 31 of the Amended Complaint contains statements regarding filings in the Washington District Court case for which no response is required.

32. Paragraph 32 of the Amended Complaint contains statements regarding filings in this case for which no response is required.

33. Paragraph 33 of the Amended Complaint contains statements regarding filings in the Washington District Court case for which no response is required.

34. Paragraph 34 of the Amended Complaint contains statements regarding court proceedings and rulings in the Washington District Court case for which no response is required.

35. Paragraph 35 of the Amended Complaint contains legal arguments and statements for which no response is required. To the extent any further response may be required, BlockFi is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of the Amended Complaint and therefore denies the same.

36. Paragraph 36 of the Amended Complaint contains legal arguments and statements for which no response is required. To the extent any further response may be required, BlockFi is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 36 of the Amended Complaint and therefore denies the same.

37. Paragraph 37 of the Amended Complaint contains legal arguments and statements for which no response is required. To the extent any further response may be required, BlockFi is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 37 of the Amended Complaint and therefore denies the same.

38. BlockFi denies that the Committee is entitled to the relief it seeks in Paragraph 38 of the Amended Complaint.

## COUNT I

39. BlockFi incorporates by reference its responses to the foregoing paragraphs.

40. Paragraph 40 of the Amended Complaint contains legal arguments and statements for which no response is required.

41. Paragraph 41 of the Amended Complaint contains legal arguments and statements for which no response is required. To the extent any further response may be required, BlockFi denies that the Committee is entitled to the relief sought in paragraph 41 of the Amended Complaint.

42. Paragraph 42 of the Amended Complaint contains legal arguments and statements for which no response is required.

43. Paragraph 43 of the Amended Complaint contains legal arguments and statements for which no response is required.

44. Paragraph 44 of the Amended Complaint contains legal arguments and statements for which no response is required. To the extent any further response may be required, BlockFi denies that the Committee is entitled to the relief sought in paragraph 44 of the Amended Complaint.

45. Paragraph 45 of the Amended Complaint contains legal arguments and statements for which no response is required. To the extent any further response may be required, BlockFi denies the allegations in Paragraph 45 of the Amended Complaint.

46. Paragraph 46 of the Amended Complaint contains legal arguments and statements that are not directed toward BlockFi and for which no response is required. To the extent any further response may be required, BlockFi is without sufficient knowledge or information to either admit or deny the allegations in paragraph 46 of the Amended Complaint and therefore deny the same.

47. Paragraph 47 of the Amended Complaint contains legal arguments and statements for which no response is required. To the extent any further response may be required, BlockFi denies the Committee is entitled to injunctive relief.

## COUNT II

48. BlockFi incorporates by reference its responses to the foregoing paragraphs.

49. Paragraph 49 of the Amended Complaint contains legal arguments and statements for which no response is required.

50. Paragraph 50 of the Amended Complaint contains legal arguments and statements for which no response is required.

51. Paragraph 51 of the Amended Complaint contains legal arguments and statements for which no response is required.

52. Paragraph 52 of the Amended Complaint contains legal arguments and statements for which no response is required.

53. Paragraph 53 of the Amended Complaint contains legal arguments and statements for which no response is required.

54. Paragraph 54 of the Amended Complaint contains legal arguments and statements for which no response is required.

55. Paragraph 55 of the Amended Complaint contains legal arguments and statements for which no response is required.

56. Paragraph 56 of the Amended Complaint contains legal arguments and statements for which no response is required.

57. BlockFi denies the Committee is entitled to the relief it seeks in Paragraph 57 of the Amended Complaint.

## ATTORNEYS FEES AND COSTS

58. BlockFi denies that the Committee is entitled to any relief sought against it in Paragraph 58 of the Amended Complaint.

## RESERVATION OF RIGHTS

59. No response is required to the reservation requested in paragraph 59 of the Amended Complaint.

60. No response is required to the reservation requested in paragraph 60 of the Amended Complaint.

## GENERAL DENIAL

To the extent not expressly admitted above, BlockFi denies all other allegations in the Committee's Amended Complaint, including all of the requested relief.

## PRAYER

**WHEREFORE** BlockFi Inc. respectfully requests that the Court enter judgment that the Committee take nothing by way of its Amended Complaint, that all costs be taxed against the Committee, that BlockFi recover all attorneys' fees and expenses incurred in connection with this

Adversary Proceeding to the extent allowed by law, and that BlockFi be awarded all such other and further relief at law or equity to which it may be entitled.

Dated: July 21, 2023                                    /s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
(201) 489-1536 Facsimile
msirota@coleschotz.com
wusatine@coleschotz.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Richard D. Anigian, Esq. (admitted *pro hac vice*)
Charles M. Jones II, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
rick.anigian@haynesboone.com
charlie.jones@haynesboone.com

*Attorneys for Defendants and Debtors and Debtors in Possession*